**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| KHALID MOHAMMAD,<br>          Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br>          Defendant. | Case No. 14-cv-03837-BLF<br><br>**ORDER GRANTING DEFENDANT CDCR'S MOTION TO DISMISS**<br><br>[Re: ECF 6] |

In this civil rights action, defendant California Department of Corrections and Rehabilitation ("CDCR") seeks to dismiss the pro se plaintiff Khalid Mohammad's ("Plaintiff") claim against it for failure to state a claim and as barred by the Eleventh Amendment. CDCR Mot., ECF 6. Plaintiff opposes this motion. Pl.'s Opp., ECF 8. Having carefully considered the parties' respective written submissions, the Court finds this matter suitable for submission without oral argument and accordingly VACATES the motion hearing presently scheduled for April 9, 2015. Civ. L.R. 7-1(b). For the reasons stated herein, CDCR's Motion to Dismiss is **GRANTED WITHOUT LEAVE TO AMEND**.

After dismissal of CDCR from this suit, the only remaining defendants are anonymous "Doe" defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). However, in circumstances where the defendants' identities are not known prior to filing the action, an action should not be dismissed without giving Plaintiff an opportunity to identify the defendants through limited discovery, "unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds." *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie*, 629 F.2d at 642); *see also Youngblood v. 5 Unknown Cim Corr. Officers*, 536 F. App'x 758 (9th Cir. 2013) ("Dismissal of [plaintiff's] action . . . was premature as [plaintiff] should have been given an opportunity to identify the defendants through limited discovery. *See Gillespie v. Civiletti*,

629 F.2d 637, 642 (9th Cir.1980) (holding that where a plaintiff is unaware of the identity of alleged defendants, 'plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds'); *see also* Fed. R. Civ. P. 45 (permitting third party subpoenas); Fed. R. Civ. P. 26(d) (prohibiting discovery prior to a Rule 26(f) conference except 'when authorized . . . by court order').").

Because it is not clear that limited discovery regarding the Doe Defendants' identities would be futile, the court declines to dismiss the action in its entirety without first granting Plaintiff the opportunity to identify and serve the remaining Defendants.

## I.   BACKGROUND

Plaintiff alleges that he was arrested on November 16, 2004, transported to the King City Police Department, and then incarcerated by CDCR from November 16, 2004 to November of 2011 "without an underlying conviction of guilty, a plea of guilty, or a verdict of guilty." Complaint at 3, ECF 1. While incarcerated, Plaintiff was "subjected to acts that caused him to lose his consciousness and received treatments for loss of his consciousness on multiple occasions." *Id*. It is not clear what this means, though Plaintiff's allegation that he suffered "physical injuries from acts of violence by other prisoners and staff" suggests that Plaintiff is alleging he was physically attacked to the point of losing consciousness while imprisoned. *See id*. at 5.

In addition to CDCR, Plaintiff names a number of "John Doe" defendants including "DOE-AO," a police offer of the King City Police Department; "DOE-DA," a prosecutor of the County of Monterey; "DOE-PD," a public defender in the City of Las Vegas[1]; and "DOE-CDC," the warden of CDC. *Id*. at 2. Plaintiff alleges that DOE police officer arrested him "without probable cause for prosecution," that DOE prosecutor "never pursued a trial of the circumstances that resulted in Plaintiff's imprisonment," and that DOE public defender never sought any trial of Plaintiff's innocence and further did not seek "a speedy trial, probable cause hearing, release on recognizance, a bail hearing, or a motion to dismiss." *Id*. at 3-4.

---

[1] Because the DOE public defender's address is listed as in the city of Salinas, CA, the court understands Plaintiff's reference to the "City of Las Vegas" to be an inadvertent error.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-200 (9th Cir. 2003). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

To survive a motion to dismiss, a complaint must plead sufficient factual matter that, when accepted as true and construed in the light most favorable to the non-moving party, "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court does not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (citing and quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).

Here, the Court is mindful that "a document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (quoted with approval in *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1041 (9th Cir. 2014)).

## III. DISCUSSION

Defendant CDCR forwards three independent bases to dismiss Plaintiff's complaint. First, CDCR argues that Plaintiff's claims against it are barred by the Eleventh Amendment. Second, CDCR argues that it is not a "person" for purposes of 42 U.S.C. § 1983, under which Plaintiff's claim is brought. Finally, CDCR argues that Plaintiff's claim is barred by the Supreme Court's

3

decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). The three arguments are discussed in turn below.

### A.   ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). Accordingly, "[t]here can be no doubt . . . that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the state] has consented to the filing of such a suit." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).

Because the Eleventh Amendment bars suit against California and its Department of Corrections and Rehabilitation, Plaintiff's claim against Defendant CDCR must be dismissed for lack of jurisdiction. Because it is absolutely clear that this jurisdictional bar cannot be cured by further amendment to the complaint, this dismissal of Plaintiff's claim against CDCR is without leave to amend.

### B.   42 U.S.C. § 1983

Even if the Eleventh Amendment were not a bar to this action, Plaintiff's claim against CDCR would have to be dismissed for failure to state a claim upon which relief can be granted. *See Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613, 617 (2002) (finding it unnecessary to decide whether the state had waived sovereign immunity with respect to plaintiff's § 1983 claim because "a State is not a 'person' against whom a § 1983 claim for money damages might be asserted. Hence this case does not present a valid federal claim against the State.") (internal citations omitted); *see also Pittman v. State of Oregon*, No. 05-35900, 2007 WL 4334171, at *8 (9th Cir. Dec. 7, 2007) ("The ability to bring an action against a state is governed, of course, not only by

sovereign immunity, but also by whether the statute itself creates a cause of action against a state.").

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." However, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also id.* at 70 (explaining that the holding applies "to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes").

As addressed above, the California Department of Corrections and Rehabilitation is an 'arm of the state' for Eleventh Amendment purposes. Thus, under the Supreme Court's holding in *Will v. Michigan Dep't of State Police*, it is not a "person" for purposes of § 1983. Accordingly, even if there were no jurisdictional bar to Plaintiff's suit against Defendant CDCR, Plaintiff's § 1983 claim against this Defendant would have to be dismissed for failing to state a claim upon which relief can be granted.

C. **HECK V. HUMPHREY**

Finally, CDCR argues that Plaintiff's § 1983 claim is legally non-cognizable under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey*, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87. Importantly, CDCR has not asked this court to take judicial notice of a conviction or sentence that would be rendered invalid by the unlawfulness of the actions alleged in the complaint. Under Fed. R. Civ. P. 12(b)(6), the court draws inferences in favor of Plaintiff and

therefore declines to speculate that such a conviction or sentence exists unless it is alleged in the complaint itself or is the proper subject of judicial notice.

Plaintiff alleges that he was "imprisoned . . . without an underlying conviction of guilty, a plea of guilty, or a verdict of guilty." Complaint at 3, ECF 1. Because the complaint does not attack the validity of a conviction or sentence, and in fact makes no mention of a conviction or sentence at all, the Supreme Court's holding in *Heck v. Humphrey* is inapplicable and not a valid basis for dismissal.

## IV. ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

Defendant CDCR's motion to dismiss is **GRANTED**. Plaintiff's claim against CDCR is **DISMISSED WITH PREJUDICE**. This ruling does not address Plaintiff's claims against the remaining "Doe" defendants.

Dated: February 18, 2015

_____
BETH LABSON FREEMAN
United States District Judge