UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MOHAMMAD,<br>        Plaintiff,<br>    v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS,<br>        Defendant. | Case No. 14-cv-03837-BLF<br><br>**ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH COURT ORDER** |

This is a putative civil rights action brought by *pro se* plaintiff Khalid Mohammad against the California Department of Corrections and a number of unnamed "Doe" Defendants. On February 18, 2015, this Court granted the Motion to Dismiss by defendant California Department of Corrections and dismissed that defendant from the case. Order, ECF 16. The Court did not dismiss Plaintiff's case entirely, finding that he should have an opportunity to identify and serve the Doe Defendants he alleged in his complaint. *Id.* at 2, 6. The Court held an Initial Case Management Conference on April 9, 2015 and Plaintiff did not appear. On April 10, 2015, the Court issued an Order to Show Cause why this case should not be dismissed for failure to prosecute. Plaintiff was ordered to respond by June 12, 2015. OSC, ECF 19. To date, Plaintiff has not responded to the Order to Show Cause, nor has he named the Doe Defendants or in any other way communicated to the Court his intent to prosecute this action.

Under Federal Rule of Civil Procedure 41(b), "the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "[T]he district court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

The Court has carefully considered these factors and finds that they weigh in favor of dismissal without prejudice. As to the first and second factors, "[t]he public's interest in expeditious resolution of litigation always favors dismissal," *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999), and the court must be able to manage its docket so that routine non-compliance with rules and orders does not divert "valuable time that [the court] could have devoted to other major and serious criminal civil cases on its docket," *Ferdik*, 963 F.2d at 1261. Both of these factors weigh in favor of dismissal due to Plaintiff's failure to make scheduled court appearances and to respond to orders by the Court. The third factor is neutral because there are no named defendants in this case. Likewise, the fourth factor is also neutral because there can be no disposition of this case on the merits without actual defendants. The fifth factor favors dismissal. The Court in ruling on the California Department of Corrections' motion to dismiss avoided dismissing Plaintiff's case in its entirety and permitted him time to identify the individual Doe Defendants by name. Moreover, once Plaintiff had failed to respond in a timely manner and to appear for a pre-scheduled court appearance, the Court issued an Order to Show Cause. In the face of Plaintiff's continued silence, the Court can conceive of no less drastic sanction than dismissal without prejudice.

This action is accordingly DISMISSED without prejudice.[1] The Clerk of the Court shall close the case file.

**IT IS SO ORDERED.**

Dated: June 17, 2015

BETH LABSON FREEMAN
United States District Judge

---

[1] The Motion to Intervene filed by proposed-intervenors Lisa M. Tullis, Wayde Albright, Timmy J. Jones and Fainulele LeLani, ECF 20, is DENIED as moot because there is no action in which to intervene. In any case, because dismissal is without prejudice, proposed-intervenors are not precluded from pursuing their own claims in a separate action.